C.J. MAHAN CONSTRUCTION COMPANY, and C.J. Mahan Construction Company, f/b/o Vincennes Steel Corporation, Plaintiffs–Appellants,

v.

VALSPAR CORPORATION and AMERON INTERNATIONAL CORPORATION, Defendants–Appellees.

No. 00–4231.

United States Court of Appeals, Sixth Circuit.

Feb. 11, 2002.

Before MARTIN, Chief Circuit Judge; GILMAN, Circuit Judge; and EDMUNDS, District Judge.[*]

PER CURIAM.

Plaintiff C.J. Mahan Construction Company, on behalf of itself and for the benefit of Vincennes Steel Corporation, appeals the district court's award of summary judgment in favor of defendants Valspar Corporation and Ameron International Corporation. For the following reasons, we AFFIRM.

## I.

In 1992, the State of Kentucky contracted with Mahan to construct the Central Bridge, which spans the Ohio River between Cincinnati, Ohio, and Campbell County, Kentucky. Mahan subcontracted with Vincennes Steel to provide steel fabrication and erection services.

Throughout the construction project, Mahan and Vincennes Steel purchased paint for the bridge and its component parts from Valspar. The contract with Valspar was memorialized in a series of price quotations and purchase orders, which provide for the delivery of thousands of gallons of paint at an agreed upon price per gallon. Although Valspar provided technical support and advice during the project, neither the price quotations nor the purchase orders indicated that Valspar was compensated for, or obligated to provide, any services.

[*] The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

Valspar initially provided a three-coat paint system, consisting of a primer coat, an intermediate epoxy coat, and a final coat. The primer coat failed to properly cure after its application, causing delamination problems in subsequent coats. To remedy these problems, Valspar recommended that Mahan re-coat the bridge's components with an alumapoxy coating, which also proved defective.

Valspar delivered the primer in June 1992; its defective nature was discovered in the fall of 1993. Valspar delivered the alumapoxy in April 1995; its defective nature was immediately apparent.

On July 28, 1999, Mahan filed suit against Valspar and Ameron.[1] The district court granted summary judgment in favor of defendants because Mahan failed to bring suit within Ohio's four year statute of limitations for sales contract claims. Mahan appealed.

## II.

This Court reviews a district court's grant of summary judgment *de novo. Monette v. Electronic Data Systems Corp.,* 90 F.3d 1173, 1176–77 (6th Cir.1996). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(c); *see also LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir.1993).

■ Under Ohio law, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued." Ohio Rev. Code § 1302.98(A). It is undisputed that plaintiffs' cause of action accrued more than four years before Mahan brought suit. Therefore, if there is no genuine

issue as to whether the contract at issue was a sales contract, plaintiffs' claims are time barred and defendants are entitled to summary judgment.

■ Ohio applies the "predominant purpose" test to determine whether a contract is for the provision of goods or services. *See Allied Industrial Service Corp. v. Kasle Iron & Metals, Inc.,* 62 Ohio App.2d 144, 405 N.E.2d 307, 310 (1977). Applying Ohio's predominant purpose test, this Court must consider "whether the predominant factor and purpose of the contract is the rendition of service, with goods incidentally involved, or whether the contract is for the sale of goods, with labor incidentally involved." *Id.* Where "reasonable minds could reach different conclusions as to whether [the contract] was a predominately goods transaction or predominately a service transaction," the question should be submitted to a jury. *Urban Industries of Ohio, Inc. v. Tectum, Inc.,* 81 Ohio App.3d 768, 612 N.E.2d 382, 386 (1992).

Here, the contract—memorialized in price quotations and purchase orders—provided for the delivery of paint at a stipulated price per gallon. The contract referenced no services that Valspar was obligated to provide. It is nonsensical to suggest that the provision of free technical support and advice makes the provision of services the predominate purpose of a contract for the sale of thousands of gallons of paint; therefore, reasonable minds could not reach different conclusions as to the predominant purpose of the contract here. Accordingly, the district court properly determined that there was no genuine dispute as to whether the contract was for the sale of goods.

---

1. Ameron acquired the assets of Valspar's product line in 1997. Mahan alleges that Ameron assumed Valspar's liability through that acquisition.

### III.

Because the contract was for the sale of goods, the four year statute of limitations applies and plaintiffs claims are time barred. The district court's judgment is AFFIRMED.